Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| APEX Bank<br><br>  Recurrido<br><br><br>  vs.<br><br><br>HAR Corporation<br><br>  Peticionario | KLAN202400312 | **APELACIÓN acogida como _CERTIORARI_** procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil Núm.: GB2022CV01171 (202)<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de abril de 2024.

Comparece ante nos, HAR Corporation (HAR o peticionario), quien presenta recurso de apelación en el que solicita la revocación de la "Resolución y Orden" emitida el 28 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Guaynabo. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de relevo de sentencia presentada por el peticionario.

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada ante nuestra consideración será acogida como un recurso de _Certiorari_, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Luego de evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia del recurrido, y procedemos a resolver. Regla 7

_____

[1] Notificada ese mismo día.

(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 19 de diciembre de 2022, APEX Bank (APEX o recurrido) presentó una "Demanda" por cobro de dinero y ejecución de hipoteca contra HAR.  En síntesis, alegó que el peticionario incurrió en incumplimiento de su obligación, al dejar de satisfacer los plazos mensuales de la hipoteca, según acordado.  Por ello, reclamó la suma de $127,041.60 por concepto de principal, más intereses, cargos por demora, balance diferido, créditos accesorios, costas, gastos y honorarios de abogado.

En vista de que el peticionario no contestó la reclamación, el 17 de octubre de 2023, APEX solicitó se le anotase la rebeldía y se dictase sentencia en rebeldía.[2]

Conforme esta solicitud, el 9 de noviembre de 2023,[3] el Tribunal de Primera Instancia dictó "Sentencia en Rebeldía" y declaró Con Lugar la "Demanda" presentada por APEX.  Determinó que HAR incumplió con su obligación de pagar la hipoteca, y le ordenó a satisfacer la cantidad de $127,041.60 por concepto de principal; intereses al 6.875% anual desde el 1 de enero de 2022; la suma de $12,776.32 por balance diferido; cargos por demora; créditos accesorios; y $14,152.81 para el pago de costas, gastos y honorarios de abogado, según pactado en el pagaré.

Advenido final y firme el dictamen, el 20 de diciembre de 2023, APEX presentó una "Moción Solicitando Ejecución de

---

[2] Véase, "Moción en Solicitud de Anotación de Rebeldía por Falta de Comparecencia y en Solicitud de Sentencia en Rebeldía" ; apéndice pág. 54.
[3] Notificada el 16 de noviembre de 2023.

Sentencia", y solicitó la venta del inmueble en pública subasta. Al día siguiente, o sea, el 21 de diciembre de 2023,[4] el foro recurrido ordenó la ejecución de la sentencia.[5]

Así las cosas, el 22 de diciembre de 2023, HAR presentó una "Solicitud de Relevo de Sentencia" y, en esencia, argumentó que "[l]a incomparecencia [del peticionario] no se debe a mala fe o a falta de interés en el resultado de la demanda. Se debe, en esencia[,] a la falta de conocimientos legales del señor [Héctor Arnaldo] Rivera Rosado, quien fue designado como administrador judicial de HAR".[6] O sea, fundamentó su solicitud en el "desconocimiento del proceso legal y en la negligencia excusable" por parte del administrador judicial.[7] Bajo esta premisa, solicitó se dejase sin efecto la "Sentencia en Rebeldía".

En igual fecha, entiéndase, el 22 de diciembre de 2023, el peticionario solicitó se dejase sin efecto la ejecución de la sentencia hasta tanto se dilucide y resuelva la solicitud de relevo de sentencia.[8]

En respuesta, el 25 de enero de 2024, APEX presentó una "Réplica en Oposición a Solicitud de Relevo de Sentencia", y manifestó que "no estamos ante negligencia excusable[,] sino ante incuria y dejadez".[9] A su entender, el peticionario "fue debidamente apercibida de las consecuencias de no presentar alegación responsiva",[10] por lo que, "en lugar de negligencia excusable, verdaderamente estamos ante dejadez e incuria".[11]

Examinados los escritos presentados por ambas partes, el 28 de febrero de 2024,[12] el foro *a quo* emitió una "Resolución y

---

[4] Notificada el 22 de diciembre de 2023.
[5] Véase, "Orden de Ejecución de Sentencia y Venta de Bienes"; apéndice pág. 147.
[6] Véase, "Solicitud de Relevo de Sentencia", pág. 3; apéndice pág. 5.
[7] *Íd.*, pág. 4; apéndice pág. 6.
[8] Véase, "Moción Para que se Deje sin Efecto Solicitud de Ejecución de Sentencia".
[9] Véase, "Réplica en Oposición a Solicitud de Relevo de Sentencia", pág. 1; apéndice pág. 166.
[10] *Íd.*, pág. 3; apéndice pág. 168.
[11] *Íd.*
[12] Notificada ese mismo día.

Orden", y declaró No Ha Lugar la "Solicitud de Relevo de Sentencia" presentada por el peticionario. Razonó que el relevo es improcedente, toda vez que no contempla ninguna de las modalidades dispuestas en la Regla 49.2 de Procedimiento Civil, *infra.*

Inconforme, HAR recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Erró el Tribunal de Primera Instancia al no ejercer su discreción y al no conceder el remedio solicitado por la parte demandada conforme la Regla 49.2 (a) de Procedimiento Civil y al no dejar sin efecto la Resolución y Orden de 9 de noviembre de 2023.*

> *Erró el Tribunal de Primera Instancia al no ofrecer en su Resolución y Orden un análisis detallado con los fundamentos de su decisión al declarar no ha lugar la solicitud de relevo de sentencia presentada por la parte demandada conforme la Regla 49.2 (a) de Procedimiento Civil y al no dejar sin efecto la Sentencia en Rebeldía de 9 de noviembre de 2023.*

## II.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece un mecanismo post sentencia por el cual una parte puede solicitar el relevo de los efectos de una sentencia, siempre y cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos et al. v. CPE,* 2023 TSPR 136. En términos literales, la precitada regla lee como sigue:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*

> *(a) error, inadvertencia, sorpresa o **negligencia excusable**;*

> *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

> *(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;*

> *(d) nulidad de la sentencia;*

> *(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
>
> *(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

(Énfasis suplido).

Respecto al primer fundamento – error, inadvertencia, sorpresa o **negligencia excusable** – nuestro Alto Foro ha expresado que,

> *[P]ara solicitar el relevo de sentencia por el motivo de error, inadvertencia, "sorpresa" o negligencia excusable, hay que tener en cuenta que **no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a esos motivos**. Hay que indicar los hechos y las causas específicas que constituyen la justificación de la omisión. Así, el promovente debe demostrar mediante preponderancia de prueba los hechos que justifican la moción. Además de la demostración de error, inadvertencia, "sorpresa" o negligencia excusable, **también tiene que existir una defensa meritoria**. Peña Lacern v. Martínez Hernández et al., 210 DPR 425, 439-440 (2022).*

(Énfasis suplido).

Por consiguiente, para conceder un remedio bajo esta regla, el tribunal debe considerar dos aspectos importantes. Primero, que la solicitud esté fundamentada en una de las causales que dispone la regla. Segundo, evaluar las circunstancias específicas del caso, y determinar si existen razones que justifiquen la concesión del remedio. *García Colón et al. v. Sucn. González*, 178 DPR 527, 542 (2010). Por ende, ante un reclamo de negligencia, es necesario que el promovente justifique su desidia mediante motivos adecuados, pues, tal y como dispone la Regla 49.2 de Procedimiento Civil, *supra*, su negligencia debe ser excusable.

Finalmente, debemos mencionar que, salvo en casos de nulidad o cuando la sentencia ha sido satisfecha, la concesión del relevo de sentencia es una decisión discrecional. *García Colón et al. v. Sucn. González, supra*, a la pág. 140. Aunque la Regla 49.2 de Procedimiento Civil, *supra*, debe interpretarse liberalmente y en

favor del que solicita se deje sin efecto la sentencia, ello no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración. *Íd.*, a la pág. 541.

**III.**

Toda vez que los señalamientos de error presentados por el peticionario se encuentran íntimamente relacionados, procedemos a discutirlos conjuntamente.

En su escrito, el peticionario cuestiona "la facultad discrecional del foro de instancia para conceder o negar la moción de relevo de sentencia",[13] y si dicha discreción se ejerció debidamente "al no conceder el remedio de relevo de sentencia… sin ofrecer los fundamentos para su decisión".[14]

Según explicamos, y como norma general, la concesión o denegatoria de una solicitud de relevo de sentencia es una decisión discrecional. **Por considerar que no estamos ante alguna de las excepciones reconocidas a esta norma** (nulidad o cuando la sentencia ha sido satisfecha), **la determinación recurrida está revestida de discreción**. Como se sabe, este Tribunal de Apelaciones no debe intervenir con la discreción del foro primario, salvo que su decisión resulte arbitraria o en un abuso de su discreción. *BPPR v. SLG Gómez-López,* 2023 TSPR 145.

En el caso de autos, el Tribunal de Primera Instancia, dentro de su sana discreción, denegó la "Solicitud de Relevo de Sentencia" presentada por el peticionario, ya "que no procede el relevo de sentencia bajo ninguna de las modalidades contempladas en la referida Regla".[15] **Concluimos que esta decisión no es arbitraria**, **y tampoco constituye un abuso de su discreción**.

---

[13] Véase, recurso pág. 7.
[14] *Íd.*, a la pág. 8.
[15] Véase, "Resolución y Orden" emitida y notificada el 28 de febrero de 2024.

Aquí, HAR presentó una "Solicitud de Relevo de Sentencia", al amparo de la Regla 49.2 de Procedimiento Civil, *supra.* Fundamentó su petición en el inciso (a) de la precitada regla, específicamente, por negligencia excusable.

**No obstante**, **el hecho de que la petición de relevo de sentencia estuvo fundamentada en negligencia excusable no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a esos motivos**. **Sino que**, **además de alegar la supuesta negligencia excusable, el peticionario también tiene que demostrar la existencia de una defensa meritoria**.

A esos efectos, el peticionario descansa en "el desconocimiento de que HAR, por ser una corporación, no podía comparecer por derecho propio ni ser representada en juicio por una persona natural".[16] En otras palabras, refirma su postura en cuanto a que su incomparecencia es producto de "la falta de conocimientos legales del señor [Héctor Arnaldo] Rivera Rosado, quien fue designado como administrador judicial de HAR".[17] A su vez, añade que "tiene defensas para refutar las alegaciones de APEX, tales como la creencia de que estaba protegida la duda (sic) hipotecaria por el plan de pago que autorizó la Corte de Quiebras… , [y] las actuaciones de los acreedores hipotecarios de recibir y cambiar los pagos de la hipoteca".[18]

**Determinamos que estas circunstancias no constituyen un error o inadvertencia que haya impedido al peticionario presentar o dilucidar propiamente sus reclamaciones o defensas**. **La falta de desconocimiento legal por parte del administrador judicial de HAR no implica negligencia excusable**, **máxime cuando este último recibió las debidas**

---

[16] Véase, recurso pág. 8.
[17] Véase, "Solicitud de Relevo de Sentencia", pág. 3; apéndice pág. 5.
[18] Véase, recurso pág. 8.

**advertencias legales en las múltiples órdenes emitidas por el foro recurrido**. **Dichas órdenes**, **las cuales fueron debidamente notificadas**, **explicaron y advirtieron la necesidad de presentar su alegación responsiva**, **y las consecuencias de no hacerlo**.[19]

Por otro lado, el hecho de que HAR posee defensas para refutar las alegaciones de APEX es inconsecuente, ya que **el relevo de sentencia no está disponible para corregir errores de derecho ni errores de apreciación o valoración de la prueba**. Véase, *García Colón et al. v. Sucn. González, supra,* a las págs. 542-543.

Por ende, determinamos que, aunque la "Solicitud de Relevo de Sentencia" se fundamentó en el inciso (a) de la Regla 49.2 de Procedimiento Civil, *supra,* dicha petición no acreditó la existencia de negligencia excusable, según lo requiere la jurisprudencia.

Por otro lado, de la "Resolución y Orden" recurrida se desprende con meridiana claridad el fundamento utilizado para no conceder el remedio solicitado por el peticionario. Esto es, debido a que su solicitud no procede bajo ninguna de las modalidades contempladas en la Regla 49.2 de Procedimiento Civil, *supra.* Coincidimos con tal determinación.

Es por eso que, en consideración a lo expuesto, resolvemos que actuó correctamente el Tribunal de Primera Instancia al declarar No Ha Lugar la "Solicitud de Relevo de Sentencia" presentada por HAR.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* solicitado por HAR Corporation, y confirmamos la "Resolución y Orden"

---

[19] Véase, "Orden" emitida el 13 de marzo de 2023, y notificada el 16 de marzo de 2023; apéndice pág. 47. Véase, además, "Orden" emitida el 2 de septiembre de 2023, y notificada el 6 de septiembre de 2023; apéndice pág. 50.

recurrida, emitida por el Tribunal de Primera Instancia, Sala de Guaynabo.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                                        Lcda.  Lilia M. Oquendo Solís
                                Secretaria del Tribunal de Apelaciones